UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SEPULVEDA,

    Plaintiff,

    v.

ESAM MANSOUR KOBAREE, et al.,

    Defendants.

Case No. 23-cv-02368-RS

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Richard Sepulveda filed this disability discrimination suit under federal and state law against the owners and operators of Sky Market, located in Oakland. In the Complaint, Plaintiff states he "suffers from lumbar disc disease and degenerative arthritis," and that he must use a walker because he is "limited in the use of his legs." Dkt. 1 ("Compl.") ¶ 6. He avers that Sky Market is not in compliance with laws requiring the business to be accessible to persons with physical disabilities, such that his rights to full and equal access have been denied. Defendants have moved to dismiss Plaintiff's state law claims, urging the Court to decline supplemental jurisdiction over those claims. Plaintiff did not file an opposition. This motion is suitable for disposition without oral argument, Civ. L.R. 7-1(b), and it is granted for the reasons stated below.

## II. LEGAL STANDARD

Where a federal court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action . . . that

they form part of the same case or controversy." 28 U.S.C. § 1367(a). A claim is considered part of the same "case or controversy" as a federal claim when the claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). A district court may decline supplemental jurisdiction in several situations, including where, "in exceptional circumstances, there are underlying reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Under § 1367(c)(4), the district court must first "articulate why the circumstances of the case are exceptional," *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Second, the court must consider what course of action "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).

### III. DISCUSSION

Relying on the Ninth Circuit's decisions in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), Defendants argue that this case presents "exceptional circumstances" such that supplemental jurisdiction should not be exercised. Those cases both held that district courts may decline supplemental jurisdiction over California disability discrimination claims brought in conjunction with claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* This is because of California's recently enacted procedural requirements that apply to so-called "high-frequency litigants" bringing disability discrimination suits. These include "heightened pleading requirements and a substantial up-front filing fee." *Arroyo*, 19 F.4th at 1216 (emphasis omitted); *see id.* at 1206–07 (discussing legislative history of these reforms). Because these requirements apply only in state court, the Ninth Circuit observed that federal courts' exercise of supplemental jurisdiction threatened substantially to "thwart California's carefully crafted reforms . . . and to deprive state courts of their critical role in

effectuating the policies underlying those reforms." *Id.* at 1213. Since *Arroyo*, district courts have frequently declined to exercise supplemental jurisdiction over claims brought under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*, and Disabled Persons Act, Cal. Civ. Code § 54 *et seq. See, e.g.*, *Gilbert v. Dabb Liquor Inc.*, No. 22-cv-00485-JLT-SKO, 2023 WL 2946898, at *4 (E.D. Cal. Apr. 14, 2023), *report and recommendation adopted*, 2023 WL 3304147 (May 8, 2023); *Gastelum v. TJX Cos., Inc.*, No. 21-cv-06714-VKD, 2023 WL 2224432, at *2 (N.D. Cal. Feb. 24, 2023); *Maldonado v. Ramirez*, No. 23-cv-00632-SVW-PVC, 2023 WL 2628692, at *3–4 (C.D. Cal. Feb. 16, 2023); *Johnson v. Constantia Capital, Ltd.*, No. 22-cv-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022); *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *2–3 (N.D. Cal. Feb. 9, 2022).

      Plaintiff is no doubt familiar with this legal backdrop, as numerous courts have dismissed his state law claims on this basis. *See Sepulveda v. Guo*, No. 22-cv-04208-HSG, 2023 WL 2480741, at *2 (N.D. Cal. Mar. 13, 2023); *Sepulveda v. Cai.*, No. 22-cv-06471-JSC, 2023 WL 137470, at *2 (N.D. Cal. Jan. 9, 2023); *Sepulveda v. Ole's Waffle Shop*, No. 20-cv-00400-DMR, 2022 WL 1137085, at *7 (N.D. Cal. Apr. 18, 2022); *cf. Sepulveda v. Gazali*, No. 22-cv-01899-VC, 2022 WL 3348588, at *1 (N.D. Cal. Aug. 12, 2022) (ordering Plaintiff to show cause why Unruh Act claim should not be dismissed).[1] By failing to oppose Defendants' motion, Plaintiff provides no reason why this case should be treated any differently. Plaintiff concedes he is a high-frequency litigant, Compl. ¶ 70, such that he would be subject to California's additional procedural requirements. Granted, Plaintiff appears to have met several of those pleading requirements in his Complaint, at least in a cursory manner. He includes, for instance, the reason he was in "the geographic area of the defendant's business," the dates he visited, and why he

---

[1] Plaintiff's counsel should similarly be aware of this context. In addition to representing Plaintiff in each of the cases cited here, he has (a) represented other plaintiffs in cases that also declined to exercise supplemental jurisdiction over Unruh Act claims, and (b) successfully moved to dismiss a plaintiff's Unruh Act claims in a case in which the court invoked the same reasoning Defendants rely on here. *See Robinson v. Four Bells Market & Liquor, Inc.*, No. 23-cv-00549-TSH, 2023 WL 4747375 (N.D. Cal. July 24, 2023); *Garcia v. Pena*, No. 22-cv-00158-CRB, 2022 WL 1136794, at *2 (N.D. Cal. Apr. 18, 2022).

"desired to access" Sky Market. Cal. Civ. Proc. Code. § 425.50(a)(4)(A); *see* Compl. ¶¶ 12, 70. Whether these averments would satisfy a California court, however, is unclear. Further, bringing the case in federal court still permits Plaintiff to evade California's increased filing fee. These procedural requirements thus constitute "exceptional circumstances" that suggest supplemental jurisdiction should not be exercised here. *See Arroyo*, 19 F.4th at 1211. That this logic also applies to many other cases, including the many others brought by Plaintiff, is of no consequence. *Vo*, 49 F.4th at 1173. In addition, "this case is in its early stages and the merits have not yet been litigated," making dismissal appropriate in light of the values of judicial economy, convenience, comity, and fairness. *Sepulveda*, 2023 WL 137470, at *2.

Finally, while Defendants' argument focuses mainly on Plaintiff's Unruh Act claims, it should be noted that Plaintiff includes a claim for relief — brought under Cal. Health & Safety Code § 19955 — that is not expressly subject to the same enhanced procedural requirements as his third and fourth claims. *See* Cal. Civ. Proc. Code. § 425.50(a); Cal. Civ. Code § 55.52. While no California court appears to have offered an interpretation of the relevant provisions, federal courts have observed that the procedural requirements are not limited only to specifically enumerated code sections. *See* Cal. Civ. Code § 55.52(a)(1) ("'Construction-related accessibility claim' means any civil claim in a civil action with respect to a place of public accommodation, *including, but not limited to*, a claim brought under [Cal. Civ. Code] Section 51, 54, 54.1, or 55 . . . ." (emphasis added)). On this reasoning, these courts have concluded that claims under § 19955 are "construction-related accessibility claims" subject to the same procedural requirements as Unruh Act and Disabled Person Act claims. *See Block v. Salem*, No. 22-cv-01596-JLT-BAM, 2023 WL 2588002, at *2 (E.D. Cal. Mar. 21, 2023); *Gilbert v. Singh*, No. 21-cv-01338-AWI-HBK, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023). This reasoning is persuasive, and thus the second claim for relief is also subject to dismissal.

## IV. CONCLUSION

The partial motion to dismiss is granted. Plaintiff's state law claims for relief (claims 2 through 4 of the Complaint) are dismissed, without prejudice to refiling these claims in state court.

**IT IS SO ORDERED**.

Dated: August 4, 2023

_____
RICHARD SEEBORG
Chief United States District Judge